

**UNITED STATES PROBATION & PRETRIAL SERVICES**
**District of New Hampshire**

# MEMORANDUM

| | |
|---|---|
| **DATE** | November 23, 2020 |
| **TO:** | Honorable Joseph A. DiClerico, Jr., U.S. District Judge |
| **FROM:** | Scott M. Davidson, U.S. Probation Officer |
| **CC:** | Georgiana L. MacDonald, Assistant U.S. Attorney<br>Eric Wolpin, Assistant Federal Public Defender |
| **RE:** | **BARTH, Anthony**<br>**Dkt. No.: 16-CR-143-JD-1**<br>**Report on Compassionate Release Request** |

On September 28, 2020, the defendant filed a *Motion Seeking Extra Good Time Jail Credits for Harsh Conditions while Locked Down due to Covid-19 Virus Pandemic* pursuant to 18 U.S.C. § 3582(c)(1)(A). On November 6, 2020, a supplemental motion was filed by the defendant. In his motions, the defendant claims that his medical history places his at risk if he were to contract COVID-19, thus creating an extraordinary and compelling reason warranting his release or a substantial reduction to his sentence. The Court has asked the Probation Office to submit a report and recommendation.

## History of the Case

On June 5, 2017, the defendant pled guilty to Counts 1 and 2: Distribution of a Controlled Substance and Count 3: Possession with Intent to Distribute a Controlled Substance. On January 29, 2018, the Court sentenced him to a 168-month period of incarceration on each of Counts 1 through 3, all to be served concurrently, followed by 5 years of supervised release. The defendant is serving his sentence at a Federal Correctional Institution in Berlin, NH (FCI Berlin), with a projected release date of August 31, 2028.

## Authority

Under 18 U.S.C. § 3582(c)(1)(A), a district court may properly consider a motion for compassionate release under three circumstances: (1) the motion is filed by the Director of the Bureau of Prisons ("BOP"); (2) the motion is filed by defendant after she exhausts all his administrative rights to appeal BOP's refusal to bring a motion on her behalf; or (3) the motion is filed by defendant 30 days after defendant requested BOP to petition for compassionate release on her behalf.

Once a motion for compassionate release is properly before the court, the court must then determine if a defendant is eligible for release. The defendant must show that "extraordinary and

RE: BARTH, Anthony; Dkt. No.: 16-CR-143-JD-1
Report on Compassionate Release Request
Page 2

compelling reasons warrant" a reduction in his sentence, that the court consider the factors set forth in 18 U.S.C. § 3553(a) to the extent applicable, and that the reduction be "consistent" with the U.S. Sentencing Commission's applicable policy statements. The Sentencing Commission's policy statement regarding compassionate release, under USSG §1B1.13, adds the requirement that the court find that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

## Discussion

The defendant is a 29-year-old male. During the presentence investigation in 2017, he denied any chronic or physical ailments apart from migraines

The defendant began serving his sentence at Federal Correctional Institution Fairton, in Fairton, NJ, on February 9, 2018. He is designate to a medium security classification. On July 31, 2020, the defendant submitted a *Motion Seeking Extra Good Time Jail Credits for Harsh Conditions while Locked Down due to Covid-19 Virus Pandemic* to the Court. He made the request based on extraordinary or compelling circumstances, and he supported his request by stating "staff and inmates are not tested for Covid-19 virus other than a simple temperature test once a month which places Barth at the highest risk of contracting Covid-19 virus." He also cited his "pre-existing hypertension," although, as noted by the government, it is not clear he has been formally diagnosed with hypertension despite some elevated readings in 2020.

On September 30, 2020, the Court appointed Attorney Eric Wolpin to represent the defendant. On November 6, 2020, the defendant filed a *Supplemental Motion for Compassionate Release* which outlined his Bureau of Prisons (BOP) medical records. According to Counsel, the records indicate that the defendant is hypertensive. The probation officer is not aware of any medical conditions or circumstances other than those outlined by the defendant in his motions.

## Recommendation

The defendant is not claiming any of the other criteria to be considered for compassionate release such as a terminal or debilitating medical condition, non-medical circumstances of elderly inmates, death or incapacitation of a family member where the defendant is the only caregiver of a minor child, or incapacitation of a spouse or registered partner where the defendant is the only caretaker. The defendant's only claim is that COVID-19 presents an extraordinary and compelling circumstance, when combined with his medical history, that places him at a high risk of complications if he were to contract COVID-19.

These are clearly unique times; however, it does not appear that the defendant is the type of inmate that may benefit from the expanded home confinement authority afforded under the CARES Act. The CARES Act requires an inmate serve at least 50% of their sentence. According to BOP records, as of November 18, 2020, he has served approximately 35.3% of his full term.

There are other issues the Court may find meaningful in rendering a decision. One is the defendant's risk to recidivate and danger to the community. Prior to sentencing in this matter, the defendant was in custody at the Strafford County Jail in Dover, NH. While incarcerated there, he

RE: BARTH, Anthony; Dkt. No.: 16-CR-143-JD-1
Report on Compassionate Release Request
Page 3

received disciplinary reports for a positive drug test (Suboxone) and for fighting. Documentation from the BOP has assessed the defendant's PATTERN score as "medium."[1] The defendant has received 3 disciplinary reports while in custody. These include possession a hazardous tool (December 18, 2019), being insolent to staff (November 7, 2019), and being unsanitary (September 25, 2019). He has participated in several educational programs, including an economics class, beginner's yoga, and a "smart investing" class. He has had a morning work detail in the dining room since July 2020.

Another consideration is the defendant's proposed plan upon release. While the probation office has not received an official release plan from the BOP, defense counsel has indicated that while the defendant would like to reside with his mother, Rosemarie DePietro, and his brother, Dipietro-Vigliotta, at their residence in Manchester, NH, they do not currently have a room for the defendant, and they intend, instead, to rent a separate nearby apartment should he be released..

The decision to determine an "extraordinary or compelling circumstance" is up to the judicial officer, and the probation officer is not qualified to make clinical assessments or make recommendations to the Court on health assessments related to COVID-19.

Reviewed & Approved by:


/s/ *Laura M. Roffo*                              11/23/2020
Laura M. Roffo                                   Date
Supervisory U.S. Probation Officer

---

[1] The U.S. Department of Justice developed and released the Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN), a risk assessment tool for BOP inmates. The tool rates whether someone currently incarcerated is at high, medium, low, or minimum risk for reoffending based on several characteristics and risk factors.