UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

　　v.

Anthony Barth

Case No. 16-cr-143-SE
Opinion No. 2023 DNH 002

O R D E R

Anthony Barth moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Doc. no. 66. Barth, through court-appointed counsel, argues that the harsh conditions of his confinement during the COVID-19 pandemic are extraordinary and compelling reasons to reduce his sentence.[2] The government objects. For the reasons that follow, the court denies Barth's motion for a reduction in his sentence.

Standard of Review

The court may consider a motion for a reduced sentence under § 3582(c)(1)(A) if, as here, the prisoner exhausts his

---

[1] This is the second time that Barth has moved for a reduction in his sentence pursuant to § 3582(c)(1)(A). As discussed further below, the court denied his first motion on December 3, 2020. See doc. no. 58.

[2] Barth's motion incorporates by reference statements he made regarding his conditions and health history in his motion to appoint counsel. See doc. no. 63. The court has considered those statements in ruling on Barth's motion for a reduction in sentence.

administrative remedies. The court may reduce a sentence based on a finding that "extraordinary and compelling reasons warrant such a reduction" and "after considering the [sentencing] factors provided in [18 U.S.C. §] 3553(a) to the extent they are applicable." § 3582(c)(1)(A). The court has broad discretion in reviewing a motion for reduction of sentence under § 3582(c)(1)(A) and "may conduct a holistic review to determine whether the individualized circumstances, taken in the aggregate, present an extraordinary and compelling reason to grant compassionate release." United States v. Trenkler, 47 F.4th 42, 47 (1st Cir. 2022) (quotation omitted).

## Background

Barth pleaded guilty on June 5, 2017, to two counts of distribution of fentanyl and one count of possession with intent to distribute fentanyl. The court sentenced him to 168 months of incarceration. He had served 72 months of his sentence at the time he filed the instant motion and has an expected release date in August 2028. He is incarcerated at the Federal Correctional Institution at Berlin, New Hampshire ("FCI Berlin") and is 31 years old.

The COVID-19 pandemic required prisons to institute measures to protect prisoners and staff from infection. Barth

represents that, since the COVID-19 pandemic began in early 2020, FCI Berlin has been in lockdown numerous times and staffing for medical care is reduced. He also represents that prison programs and education are affected. For example, because of the prison's restrictions on mixing unit populations, he has not been able to take an anger management program or begin a Carpentry 1 program despite completing the safety course. He states that visits at the prison are limited to two hours with a mask or through plexiglass. He also states that the prison has had limited supplies of soap and toilet paper at times. He further states that although his security level is low, he is being held at a medium-security-level facility.

Counsel on Barth's behalf reported that as of the date of the supplemental motion, September 23, 2022, there were 36 cases of COVID-19 at FCI Berlin. Now, there are four COVID-19 cases among staff and one among prisoners. www.bop.gov/coronavirus (last visited January 3, 2023). FCI Berlin is classified by the Bureau of Prisons as a Level 1 Facility, which means that there is a medical isolation rate of less than 2% of the population, the vaccination rate is 65% or above, and the community transmission rate is below 100 per 100,000. http://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited January 3, 2023). Although the BOP offered Barth the COVID-19

vaccination at FCI Berlin, he declined the vaccination in April 2021.[3]

## Discussion

Barth asks the court to reduce his sentence from 168 months to 120 months with five years of supervised release so that he would be eligible for release in March 2025 instead of the anticipated release date of August 2028. In support, he contends that the harsh conditions of his confinement during the COVID-19 pandemic are extraordinary and compelling reasons to reduce his sentence.[4] Barth also contends that the harsh conditions of his confinement tip the balance under the § 3553(a) factors in favor of a reduction. The government disagrees, arguing that the conditions at FCI Berlin during COVID-19 were no harsher for

---

[3] Neither the government nor Barth has provided updated information about Barth's vaccination status.

[4] In Barth's first motion to reduce his sentence, he argued that his medical conditions, including his history of anxiety and alleged hypertension, weighed in favor of his motion. Although his current motion briefly references his mental and physical health history and incorporates by reference statements he made regarding his health history in his motion to appoint counsel, doc. no. 66 at 3, he does not argue that his medical conditions constitute extraordinary and compelling reasons to reduce his sentence. Nevertheless, for the purposes of his motion, the court assumes that Barth intended to argue that his medical conditions weigh in favor of his release and the court addresses that argument below.

Barth than for other BOP prisoners and that he remains a danger to the community.

A. Extraordinary and Compelling Reasons

"[T]he 'extraordinary and compelling' standard is logically guided by the plain meaning of those terms." United States v. Canales-Ramos, 19 F.4th 561, 566 (1st Cir. 2021). Extraordinary means a "reason that is beyond the mine-run either in fact or in degree," which is "most unusual," "far from common," or has "little or no precedent." Id. (quotation omitted). "By the same token, the plain meaning of compelling suggests that a qualifying reason must be a reason that is both powerful and convincing," that is a "forcing, impelling, or driving circumstance." Id. at 567 (quotation and alteration omitted).

1. Restrictive and difficult conditions of confinement

Barth contends that the restrictions and conditions he has experienced while incarcerated during the COVID-19 pandemic are extraordinary and compelling reasons to reduce his sentence. He cites the hardship endured during lockdowns, the reduced availability of educational and vocational programs, the restrictions on visiting and communications, and a lack of

5

personal hygiene products. Barth argues that those measures have increased the punitive effect of the time he served so that he now is entitled to a reduction in his sentence.

Courts generally have concluded that the restrictive and difficult conditions experienced by many if not all prisoners during the COVID-19 pandemic are not extraordinary and compelling reasons for relief under § 3582(c)(1)(A). See, e.g., United States v. Cabbagestalk, Crim. No. 19-925, 2022 WL 16854313, at *3 (D.N.J. Nov. 10, 2022) (citing United States v. McLean, No. 21-2301, 2021 WL 5896527, at *2 (3d Cir. Dec. 14, 2021)); United States v. Weicks, No. 2:05-CR-00040-KJD-RJJ, 2022 WL 16744438, at *3 (D. Nev. Nov. 7, 2022); United States v. Boynton, 20-CR-43 (RPK), 2022 WL 7131927, at *1 (E.D.N.Y. Oct. 12, 2022) (citing cases); United States v. Rodríguez-Berrios, Crim. No.: 04-081 (SCC), 2022 WL 2437711, at *3 (D.P.R. July 1, 2022). Barth cites United States v. Davis, No. TDC-15-0116, 2020 WL 6785351 (D. Md. Nov. 8, 2020), as an example of a court considering harsh conditions due to COVID-19 in the context of § 3582(c)(1)(A). In that case, however, the court found the defendant's medical conditions provided an extraordinary and compelling reason for reduction of his sentence and only

considered harsh prison conditions for the purposes of § 3553(a).[5]

Therefore, Barth has not shown that the conditions of his confinement constitute an extraordinary and compelling reason to reduce his sentence.

2. Risk of contracting COVID-19

With less emphasis, Barth also raises his risk of contracting COVID-19. The risk of contracting COVID-19 no longer generally presents an extraordinary and compelling reason to support the reduction of a sentence because of the efficacy of the available vaccinations. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); United States v. Gordon, No. 1:19-cr-00007-JAW, 2022 WL 16552952, at *7 (D. Mass. Oct. 31, 2022); United States v. Stone, 1:08-cr-00006-JAW, 2021 WL 5146183, at *7 (D. Me. Nov. 4, 2021). As discussed in the court's order denying Barth's first motion for a reduction of sentence, doc. no. 58, Barth has not shown that he has health conditions that put him at increased risk of contracting COVID-19, and more particularly, health conditions that would constitute an

---

[5] Barth also cites United States v. Indarte, No. CR17-5554 BHS, 2020 WL 6060299 (W.D. Wash. Oct. 14, 2020). There, the court also found extraordinary and compelling reasons based on the defendant's medical conditions, not based on harsh conditions of confinement. The court considered the harsh conditions only for the purposes of the § 3553(a) factors.

extraordinary and compelling reason for a reduced sentence. See, e.g., Gordon, 2022 WL 16552952, at *7. Further, when a prisoner refuses to be vaccinated without an adequate justification, he cannot claim that his risk of or stress about contracting COVID-19 is an extraordinary and compelling reason to support a reduction in sentence. See United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021); Gordon, 2022 WL 16552952, at *7; United States v. Cassgnol, No. 17-cr-10375-ADB, 2022 WL 1912876, at *2 (D. Mass. June 3, 2022).

Therefore, Barth has not shown an extraordinary and compelling reason to reduce his sentence. As a result, he cannot succeed on his motion under § 3582(c)(1)(A).

B. Sentencing Factors - § 3553(a)

When, as here, the prisoner has not shown an extraordinary and compelling reason to support a reduction of his sentence, the court need not address the § 3553(a) factors. United States v. Texeira-Nieves, 23 F.4th 48, 52 (1st Cir. 2022). In any case, even if the court considered the factors, it would conclude that Barth's sentence is appropriate as it stands.

The § 3553(a) factors were addressed at Barth's sentencing and for the purposes of his first motion to reduce his sentence.

8

<u>See</u> doc. no. 58 at 8-10. Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" and the purposes of sentencing. § 3553(a).

With regard to the § 3553(a) factors, Barth cites his improved disciplinary record and his rehabilitative efforts. These developments are laudable, but insufficient to support a reduction in Barth's sentence in light of the other sentencing factors. He also argues that the harsh conditions he has experienced during COVID-19 should be considered so that a reduction of his sentence to 120 months with five years of supervised release is sufficient to achieve the goals of sentencing in his case. The court previously explained that Barth's circumstances do not support a reduction on that basis. Doc. no. 58 at 10-11.

## Conclusion

For the foregoing reasons, the defendant's motion for a reduction in sentence (document no. 66) is denied.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

January 4, 2023
cc: Counsel of record.